[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Derrick Rice appeals from his adjudication as a delinquent on the charge of felonious assault. The charge arose from an incident in which Rice, a passenger in a car driven by another, allegedly pointed a firearm at the head of his girlfriend's brother, Rodney Hill, and twice pulled the trigger. According to Hill, the gun jammed each time. Hill testified that, as the car drove away, Rice successfully fired the weapon several times, though not aiming at, or hitting, anyone.
In his first assignment of error, Rice challenges the sufficiency and weight of the evidence, specifically the testimony of Hill, which Rice decries as weak and inconsistent. Although Hill was at times reticent and slow to grasp the questions posed to him, we discern no basis to conclude that his testimony was inherently unreliable, even when it is viewed from the standpoint of a thirteenth juror. See State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541. Clearly there was an appropriate basis for the trial court to have inferred from Hill's testimony that Rice pointed the gun at his head and pulled the trigger, intending to shoot Hill. The assignment of error is overruled.
In his second assignment of error, Rice argues that his counsel rendered ineffective assistance by failing to object to certain hearsay testimony regarding the relationship between Rice and Hill's sister, and to the admission of a photograph of the crime scene. Whatever the merits of this argument, neither the testimony about the couple's relationship nor the photograph of the crime scene had an appreciable discrediting effect upon Hill's testimony, upon which the adjudication was clearly based. Since any error in admitting the evidence would be harmless as a matter of law, no prejudice resulted from trial counsel's failure to object, and therefore the assignment of error is overruled. State v.Bradly (1989), 42 Ohio St.3d 136, 538 N.E.2d 373; Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052.
Accordingly, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN, P.J., WINKLER and SHANNON, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.